# GARDERE

August 31, 2016

**Via ECF**

The Hon. George C. Hanks, Jr.
United States District Judge
601 Rosenberg, 6th Floor
Galveston, Texas  77550

Re:  C.A. No. 3:16-cv-125; *Natalie Robertson v. TGS-NOPEC Geophysical Co.*; in the United States District Court, Southern District, Galveston Division

Dear Judge Hanks:

Defendant TGS-NOPEC Geophysical Company ("TGS") writes to advise the Court of its intention to file a motion to transfer venue of this matter to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a), and to request a pre-motion conference and permission to file the motion.

TGS seeks to transfer this matter back to the court of original filing in the Southern District of Texas, Houston Division, before the Honorable Judge Lynn N. Hughes. On April 13, 2016, Plaintiff Natalie Robertson ("Plaintiff") originally filed suit in the Houston Division.  Upon learning the case was assigned to Judge Hughes, she promptly dismissed her suit (Dkt. No. 3).[1]  Judge Hughes granted the dismissal with prejudice (Dkt. No 4).  Plaintiff filed a motion to alter or amend the order to achieve dismissal without prejudice (Dkt. No. 5).  Judge Hughes signed an amended dismissal on May 16, 2016, noting the Plaintiff "no longer wishes to pursue this matter in **this** court." (Dkt. No. 6) (emphasis added).  While this process was ongoing, on May 10, 2016, Plaintiff filed this suit in the Galveston Division.

Transfer back to the Houston Division of the Southern District of Texas is proper because Plaintiff is engaging in unabashed forum shopping, as noted by Judge

---

[1] Docket references are to the original suit filed in the Houston Division, *Robertson v. TGS-NOPEC Geophysical Co.*, C.A. No. 4:16-cv-1007 (S.D. Tex., filed April 13, 2016).

August 31, 2016
Page 2

Hughes.  If given permission to file its motion to transfer, TGS will show this Court that the Houston division is the proper forum for this suit because all material parties, witnesses, and evidence reside in Houston:

- Robertson resides in Harris County, **17.4** miles from the federal courthouse in Houston, Texas, and **68.2** miles from the federal courthouse located in Galveston, Texas;

- TGS' operational headquarters are located in Houston;

- All of the witnesses with relevant information are located in Houston;

- All of the documents are housed in Houston; and

- All of the decisions Plaintiff complains of were made in Houston.

In stark contrast, Galveston County bears no relationship whatsoever to this suit, and the residents of Galveston County should not be called upon to resolve this matter.  Instead, this matter should be heard by a Harris County jury.

Forum shopping in an attempt to avoid a particular judge or court is neither permitted nor tolerated by the Fifth Circuit Court of Appeals.  The Fifth Circuit expounded on the impropriety of forum-shopping when it preemptively chastised a plaintiff based on the mere possibility that the plaintiff had dismissed its case with the intention to re-file it in order to draw a judge it viewed as more favorable.  *See International Driver Training, Inc. v. J-Bjrd Inc.*, 202 F. App'x 714, 716 (5th Cir. 2007).  In doing so, the Fifth Circuit issued the following stern warning:

> "[W]e do not approve of such a raw attempt at forum-shopping. Any district court … is free to prohibit such a practice and to require that a re-filed action be assigned to the original judge, or to require that if a re-filed case is assigned to a different judge, that the judge shall transfer the case to the original judge.  Although rule 41(a) guarantees [plaintiff] an unconditional dismissal, it does not confer on them the right to manipulate the designation of a judge."

*Id*. The Fifth Circuit's admonition is uncannily on point for the instant matter. Here, it is without question that the only reason the Plaintiff dismissed her original

August 31, 2016
Page 3

and properly-filed suit in favor of refiling the identical suit in Galveston County is to avoid what she perceived to be an unfavorable court assignment. This is evidenced by the fact that there are no substantive revisions whatsoever to the re-filed suit; indeed, Plaintiff even inadvertently retained the original "Houston Division" designation in the caption.

Numerous federal courts side with the Fifth Circuit in discouraging forum shopping demonstrated by a plaintiff's dismissal and re-filing of suit in an effort to secure a more favorably inclined judge. These courts further agree that a transfer to the original court is the appropriate remedy. *See, e.g., Vaquiera Tres Monjitas v. Cubano*, 341 F. Supp. 2d 69, 71 (D. Puerto Rico 2004) (quoting *Nat'l Treasury Emp. Union v. IRS*, 765 F.2d 1174, 1175 n. 5 (D.C. Cir. 1985)); *Zografos v. Qwest Commc'ns Corp.*, 225 F. Supp. 2d 1217 (D. Or. 2002); *Smith v. Mt. Sinai Hosp.*, No. 84 Civ. 9111-CSH, 1985 WL 561 (S.D.N.Y., Apr. 22, 1985), aff'd., 857 F.2d 1461 (2d Cir. 1987).

TGS contends this matter should be properly transferred to the Houston Division for the additional reason that it is necessary for the convenience of the parties. As stated above, TGS will show in its motion that all of the parties, witnesses, and evidence are located in Houston. Transfer is proper because it will save time, energy, and money, and protect the litigants, witnesses, and public from unnecessary inconvenience. *See, e.g., Watson v. Fieldwood Energy Offshore, LLC*, No. 3:15-CV-036, 2016 WL 374494, *1 (S.D. Tex. Feb. 1, 2016).

TGS has conferred with counsel for Plaintiff, who indicated he will oppose the relief sought herein. Counsel for TGS will be available for a conference on this request, in person or via telephone, at the Court's convenience.

Respectfully submitted,

*/s/ Jessica Mason*

Jessica Glatzer Mason
Telephone: 713.276.5793
Facsimile: 713.276.6793
jmason@gardere.com

JGM:jdh

August 31, 2016
Page 4

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served this 31st day of August, 2016, via CM/ECF on counsel of record for Plaintiff.

        David C. Holmes
        13201 Northwest Freeway, Suite 800
        Houston, Texas  77040

        */s/ Jessica Glatzer Mason*